# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TELEPHONE (213) 625-3900
FACSIMILE (213) 232-3255
GERAGOS@GERAGOS.COM

MARK J. GERAGOS        SBN 108325
BEN J. MEISELAS        SBN 277412
MATTHEW M. HOESLY      SBN 289593

**DHILLON LAW GROUP, INC.**
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593
HARMEET K. DHILLON    (SBN: 207873)
harmeet@dhillonlaw.com
NITOK P. SINGH        (SBN: 265005)
nsingh@dhillonlaw.com

*Attorneys for Plaintiff,*
10E, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10E, LLC, a limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,, a corporation; ERIC GARCETTI, an individual, and; DOES 1 to 10, inclusive,<br><br>Defendants. | **CASE NO.**: 2:20-cv-04418-SVW-AS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**<br><br>**(1) DECLARATORY RELIEF**<br>**(2) BREACH OF CONTRACT**<br>**(3) BAD FAITH—BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>**(4) VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff 10E, LLC ("10E" or "Plaintiff"), brings this First Amended Complaint, alleging against Defendants Travelers Property Casualty Company of America ("Travelers"), Eric Garcetti ("Garcetti"), and DOES 1 through 10 (collectively as "Defendants") as follows:

## PARTIES

1. At all relevant times, Plaintiff 10E, LLC is a limited liability company organized and authorized to do business and doing business in the State of California. 10E owns, operates, and/or manages a vibrant Mediterranean-inspired restaurant located in the heart of downtown Los Angeles at 811 West 7th Street, Los Angeles, CA 90017.

2. At all relevant times, Defendant Travelers Property Casualty Company of America ("Travelers") is a corporation organized under the laws of Connecticut, and licensed by the State of California to do business and doing business in the County of Los Angeles, California (COA #6168) subscribing to Policy Number 680-4G700062 (the "Policy") issued to Plaintiff for the period of December 4, 2019 through December 4, 2020. Defendant Travelers is transacting the business of insurance in the state of California and the basis of this suit arises out of such conduct.

3. At all relevant times, Defendant Eric Garcetti is an individual who is being named in his official capacity as the Mayor of Los Angeles.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in the Los Angeles Superior Court[1].

5. Plaintiff is informed and believes, and thereon alleges, that the Superior Court of California, Los Angeles County is the proper venue for trial because the acts and/or omissions complained of took place, in whole or in part, within the venue of this Court. Further, Defendants are located and conduct business here, and witnesses are located here.

## FACTUAL BACKGROUND

6. On or about December 4, 2019, Plaintiff entered into a contract of insurance

---

[1] This Court does not have subject matter jurisdiction over the matter alleged herein and was brought to this Court based on an improper removal by Defendant Travelers. Plaintiff will be concurrently filing a motion to remand back to the Superior Court of California, Los Angeles County.

with Travelers, whereby Plaintiff agreed to make payments to Travelers in exchange for Travelers' promise to indemnify Plaintiff for losses including, but not limited to, business income losses at its restaurant (hereinafter "Insured Property") in downtown Los Angeles.

7. The Insured Property includes the full-service restaurant known as "10 E Restaurant" centrally located in downtown Los Angeles at 811 West 7th Street, Los Angeles, CA 90017. The 10E Restaurant is owned, managed, and/or controlled by Plaintiff.

8. 10E Restaurant is an award-winning, full-service restaurant which includes an eatery and lounge area that provides an elevated Armenian and Lebanese cuisine to its customers in an elegantly sophisticated surrounding. The restaurant is open all three hundred and sixty-five days of the year and caters to large groups, individuals and happy-hour goers.

9. The Insured Property is covered under an insurance policy issued by the Travelers bearing Policy Number 680-4G700062 (the "Policy").

10. The Policy is currently in full effect, providing property, business personal property, business income and extra expense, and additional coverages between the period of December 4, 2019 through December 4, 2020.

11. Plaintiff faithfully paid policy premiums to Travelers, specifically to provide additional coverages for "Business Income and Extra Expense Coverage" in the event of business closures by order of Civil Authority.

12. Under the Policy, insurance is extended to apply to the actual loss of business income sustained and the actual, necessary and reasonable extra expenses incurred when access to the scheduled premises is specifically prohibited by order of Civil Authority as the direct result of a covered cause of loss to property in the immediate area of Plaintiff's scheduled premises. This additional coverage is identified as coverage under "Civil Authority" as part of the Policy's "Property Optional Coverages" section.

13. The Policy is an all-risk policy, insofar as it provides that a covered cause of loss under the policy means direct physical loss or direct physical damage unless the loss is specifically excluded or limited in the Policy.

14. The Policy's Civil Authority Coverage Section extends coverage to direct

1  physical loss or damage that results in a covered cause of loss to the Property in the
2  immediate area of the "scheduled premises".

3       15.    Based on information and belief, Travelers has accepted the policy premiums with no intention of providing any coverage under the Policy's Civil Authority Coverage Section due to a loss and shutdown from a virus pandemic.

16.    The global COVID-19 pandemic has physically impacted both public and private property and physical spaces around the world, as well as the right of the general public to gather and utilize retail business locations. The currently-raging pandemic has been exacerbated by the fact that the deadly virus physically infects and stays on surfaces of objects or materials, "fomites," for up to twenty-eight days. The scientific community in the United States and indeed, across the world, including the World Health Organization, has recognized that the Coronavirus is a cause of real physical loss and damage.

17.    Indeed, a number of countries such as: China, Italy, France, and Spain have required the fumigation of public areas prior to allowing them to re-open. A recent scientific study printed in the New England Journal of Medicine explains that the virus is detectable for up to three hours in aerosols, up to four hours on copper, up to 24 hours on cardboard boxes, and up to three days on plastic and stainless steel[2]. Notably, the most potent form of the virus is not airborne but rather present on physical surfaces.

18.    On March 15, 2020, the Mayor of Los Angeles, Defendant Garcetti, issued an Executive Order (No. 202.6) directing all "non-essential" businesses to be closed in Los Angeles. Defendant Garcetti's Order came on the heels of Governor Gavin Newsom's similar state-wide order issued earlier that day. Defendant Garcetti's Order specifically referenced that it was being issued based on the dire risks of exposure with the contraction of COVID-19 and evidence of physical damage to property. Shortly thereafter, Governor Newsom issued a state-wide "Stay-at-Home Order" for all residents of California. In this

---

[2] See Aerosol and Surface Stability of SARS-CoV-2 as Compared with SARS-CoV-1, New England Journal of Medicine (March 17, 2020), available at https://www.nejm.org/doi/pdf/10.1056/NEJMc 2004973?articleTools=true

case, the property that is damaged is in the immediate area of the Insured Property.

19. There are pending challenges to the legality of the Orders by Mayor Garcetti as the Mayor has categorized businesses as either essential or non-essential. The physical damages that occurred to insured premise was the labeling as non-essential or partially non-essential. Since the March 15, 2020 Order, Mayor Garcetti has lifted restrictions for businesses that were deemed non-essential. On May 19, 2020, Mayor Garcetti allowed for pet grooming and training services to open by following public health guidelines, as well as car washes. All these businesses were ordered closed on March 15, 2020 due to the labeling as non-essential. Physical damages are not just an actual physical injury as it is a lot broader as the physical damage was the labeling of the insured property as non-essential.

20. For the purposes of determining physical loss or damage of property, California and neighboring courts have found that coverage is triggered when there is an alteration to the property, even if invisible to the naked eye or not structural, that prevents the ordinary intended use of the property. See *Oregon Shakespeare Festival Ass'n v. Great Am. Ins. Co.*, No. 1:15-cv-01932-CL, 2016 WL 3267247, at *5-6 (D. Or. June 7, 2016). See also *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 76 (2010).

21. The word 'physical' has been defined by California courts as 'having material existence' or 'perceptible through the sense and subject to the laws of nature.' *Ward General Ins. Services, Inc. v. Employers Fire Ins. Co.*, 114 Cal.App.4th 548 (2003).

22. Except for delivery or takeout, the Order does not specifically exempt restaurants and has caused a complete and total shutdown of Plaintiff's business operations. As a direct and proximate result of this Order, access to Plaintiff's Insured Property has been specifically prohibited and Plaintiff's employees have refused to work out of fear of contracting the novel Coronavirus. As such, Plaintiff's business has been shut down.

23. As a further direct and proximate result of the Order, Plaintiff has been forced to consider, and in some cases, begin the termination process for dozens of its employees.

- 5 -

24. Any effort by Travelers to deny the reality that the Coronavirus causes physical loss and damage would constitute a false and potentially fraudulent misrepresentation that could endanger policyholders, such as Plaintiff, and the public. The only virus exclusion that relates in theory to a virus is not applicable here.

25. In order for an exclusionary clause to effectively exclude coverage, it must be conspicuous, plain, and clear. See e.g. *MacKinnon v. Truck Ins. Exchange*, 73 P.3d 1205, 1213 (2003). This rule applies with particular force when the coverage portion of an insurance policy would lead an insured to reasonably expect coverage for the claim purportedly excluded. *Id.*

26. The insurer bears the burden of establishing the claim comes within an exclusion. *Id.* To prevail, the insurer must establish its interpretation of the policy is the only reasonable one. *Id.* at 1218. Even if the insurer's interpretation is reasonable, the court must interpret the policy in the insured's favor if any other reasonable interpretation would permit coverage for the claim. *Id.*

27. Any ambiguous terms within the Policy are nonetheless resolved in favor of the insureds, consistent with the insureds' reasonable expectations. *Safeco Ins. Co. v. Robert S.*, 28 P.3d 889 (2001).

28. A declaratory judgment determining that the coverage provided under the Policy will prevent Plaintiff from being left without vital coverage acquired to ensure the survival of its business due to the unprecedented scale of the shutdown caused by the Order. As a result of this Order, Plaintiff has incurred, and continues to incur, a substantial loss of business income and additional expenses covered under the Policy.

### FIRST CAUSE OF ACTION

### DECLARATORY RELIEF

### (Against All Defendants and DOES 1 to 10)

23. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

24. Under California Code of Civil Procedure section 1060 et seq., the court may

declare rights, status, and other legal relations whether or not further relief is or could be claimed. An actual controversy has arisen between Plaintiff and Travelers as to the rights, duties, responsibilities and obligations of the parties in that Plaintiff contends and, on information and belief, Travelers dispute and deny, that: (1) the Order by Garcetti, in his official capacity as Mayor of Los Angeles, constitutes a prohibition of access to Plaintiff's Insured Premises; (2) the prohibition of access by the Order is specifically prohibited access as defined in the Policy; (3) the Order triggers coverage because the Policy does not include an exclusion for a viral pandemic and actually extends coverage for loss or damage due to physical loss and damage, including by virus; and (4) the Policy provides coverage to Plaintiff for any current and future civil authority closures of restaurants in California due to physical loss or damage from the Coronavirus under the Civil Authority coverage parameters and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the insured premises or immediate area of the insured premises.

25. Resolution of the duties, responsibilities and obligation of the parties is necessary as no adequate remedy at law exists and a declaration of the Court is needed to resolve the dispute and controversy.

26. Plaintiff seeks a Declaratory Judgement to determine whether the Order constitutes a prohibition of access to its Insured Premises by a Civil Authority as defined in the Policy.

27. Plaintiff further seeks a Declaratory Judgement to affirm that the Order triggers coverage because the Policy does not include exclusion for a viral pandemic and actually extends coverage for physical loss or damage to the Insured Premises.

28. Plaintiff further seeks a Declaratory Judgment to affirm that the Policy provides coverage to Plaintiff for any current and future civil authority closures of restaurants in California due to physical loss or damage from the Coronavirus and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the Insured Premises.

29. Plaintiff does not seek any determination of whether the Coronavirus is

physically in the Insured Premises, amount of damages, or any other remedy other than declaratory relief.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

**(Against Defendant Travelers and DOES 1 to 10)**

30. Plaintiff hereby incorporates the above paragraphs as through fully set forth herein.

31. At all material times herein, Plaintiff had a policy for insurance with Travelers and DOES 1-10, protecting the Insured Property.

32. The policy was in effect on the date of loss and provided various insurance benefits to Plaintiff.

33. Plaintiff paid all insurance premiums in a timely fashion and has met and complied with all necessary conditions of the policy.

34. The policy promised to Plaintiff in relevant part that Travelers would indemnify Plaintiff for losses including, but not limited to, business income loss at its restaurant and specifically to provide additional coverages for "Business Income and Extra Expense Coverage" in the event of business closures by order of Civil Authority.

35. Plaintiff is informed and believes and thereon alleges that Travelers is in possession of a complete copy of the operative insurance agreement, and therefore incorporates its terms as though fully set forth.

36. On March 15, 2020, the Mayor of Los Angeles, Defendant Garcetti issued an Executive Order (No. 202.6) directing all "non-essential" business to be closed in Los Angeles.

37. Like thousands of other business owners, Plaintiff was forced to shut down the business to the public and Plaintiff incurred loss of business income and extra expenses.

38. Plaintiff timely made a claim to Travelers for loss of business income and extra expense coverage.

39. Travelers has wrongfully breached the insurance policy by refusing and/or failing to properly adjust and pay Plaintiff's claims including an amount in excess of the jurisdictional limit of this Court and, including failing and/or refusing to pay loss of business income and extra expense coverage.

40. As a direct and proximate result of the breach of the policy by Travelers, Plaintiff has sustained damages which exceed the jurisdictional limits of the Superior Court of the State of California, including but not limited to, loss of policy benefits, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### BAD FAITH—BREACH OF IMPLIED COVENANT OF GOOD FAITH & FIAR DEALING

**(Against Defendant Travelers and DOES 1 to 10)**

41. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

42. At all material times herein alleged, Defendant Travelers, and DOES 1 to 10 (hereinafter "The Travelers Defendants") and each of them, knew, or in the exercise of good faith reasonably should have known, that Plaintiff was legally entitled to recover the benefit under the aforementioned insurance policy, and that The Travelers Defendants, and each of them, were obligated to provide Plaintiff the benefits under the insurance policy.

43. Travelers Defendants, and each of them, further knew, or in the exercise of good faith reasonably should have known, that the policy benefit was due to Plaintiff.

44. Nevertheless, The Travelers Defendants, and each of them, maliciously, intentionally, and oppressively conducted themselves willfully and wrongfully and refused, and failed, to pay the benefits of the policy to Plaintiff, despite the fact that the benefits under the policy were due and payable to the Plaintiff and the Plaintiff was entitled to the full benefits of the policy.

45. The Travelers Defendants, and each of them, unreasonably failed to pay Plaintiff's claim for benefits under the policy in a reasonably timely manner. All acts of The

Travelers Defendants, and each of them, as herein alleged, were done with the prior approval of, with the knowledge of, and/or under the express direction or ratification of an officer, director, or managing agent of The Travelers Defendants, and each of them, consistent with the definitions contained in *California Code of Regulations,* Title 10, Section 2695.12.

46. As a proximate result of The Travelers Defendants' wrongful conduct, as aforementioned, Plaintiff has been wrongfully denied and delayed in the receipt of its lawful insurance policy benefits.

47. The Travelers Defendants' actions in withholding and refusing to pay the policy benefits were unreasonable and in bad faith.

48. Plaintiff is informed and believes, and thereon alleges that The Travelers Defendants' actions were part of a practice of The Travelers Defendants which is designed, among other things, to wrongfully withhold payment of claims with the intent of ignoring the interest of their insured.

49. As a direct and proximate result of The Travelers Defendants' wrongful conduct, as aforesaid, Plaintiff has sustained severe and serious injury including, but not limited to emotional distress, anxiety, frustration, humiliation and indignity all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

## FOURTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200

### (Against Defendant Travelers and DOES 1 to 10)

50. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

51. Plaintiff brings the cause of action pursuant to Business and Professions Code § 17200, as an entity acting for itself and for the interests of the general public. Plaintiff has standing to pursue such cause of action based on its underlying claims for Declaratory Relief, Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing.

52. California Business and Professions Code § 17200 provides that unfair

competition shall mean and include: "all ***unlawful, unfair, or fraudulent*** practices and unfair, deceptive, untrue or misleading advertising." (CA Bus & Prof Code § 17200 et seq.)

53. The false representations of Defendant Travelers as alleged hereinabove, to provide business interruption coverage due to the closure by order of civil authority, constitutes unfair and unlawful business, acts or practices within the meaning of California Business and Professions Code § 17200.

54. As a result of the conduct as detailed herein and the inherently unfair and blatantly unlawful practices of failing to adhere to the business code, the acts of Defendant Travelers as described herein, constitute unfair and/or fraudulent business practices.

55. Accordingly, Plaintiff pursuant to California Business and Professions Code § 17200, seeks an order of this Court compelling Defendant Travelers to provide restitution and to disgorge the monies received and the profits realized by Defendant Travelers as a result of their unfair business practices, and injunctive relief call for Defendant Travelers to cease such unfair and business practices in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff herein, 10E, LLC dba "10E Restaurant", prays as follows:

1) For a declaration that the Order by Eric Garcetti, in his official capacity as Mayor of Los Angeles, constitutes a prohibition of access to Plaintiff's Insured Premises located at 811 West 7th Street, Los Angeles, CA 90017.

2) For a declaration that the prohibition of access by the Order is specifically prohibited access as defined in the Policy.

3) For a declaration that the Order triggers coverage because the Policy does not include an exclusion for a viral pandemic and actually extends coverage for loss or damage due to physical loss and damage, including by virus.

4) For a declaration that the Policy provides coverage to Plaintiff for any current and future civil authority closures of restaurants in California due to physical loss or

damage from the Coronavirus under the Civil Authority coverage parameters and the Policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the insured premises or immediate area of the insured premises.

5) For General Damages against Travelers in the sum according to proof.

6) For Punitive Damages against Travelers in an amount to be shown according to proof, and for treble damages pursuant to Civil Code Section 3345.

7) For interest provided by law including, but not limited to, California Civil Code Section 3291.

8) For attorneys fees and costs of suit.

9) For restitution and the disgorgement of profits pursuant to California Business and Professions Code § 17200; and

10) For such other relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

DATED: June 12, 2020     **GERAGOS & GERAGOS, APC**
                                          **DHILLON LAW GROUP, INC.**

By:    /s/ Ben Meiselas
       MARK J. GERAGOS
       BEN J. MEISELAS
       MATTHEW M. HOESLY
       HARMEET K. DHILLON
       NITOJ P. SINGH
       *Attorneys for Plaintiff*,
       10E, LLC