UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | August 28, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [26] AND DENYING PLAINTIFF'S MOTION TO REMAND [24]

### I.    Introduction

On June 12, 2020, Plaintiff 10E, LLC ("10E") filed a motion to remand this case to state court. Dkt. 24.   On June 26, 2020, Defendant Travelers Indemnity Co. of Connecticut ("Travelers" or "Defendant") filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC"). Dkt. 26. For the reasons explained below, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant's motion to dismiss.

### II.   Factual and Procedural Background

On April 10, 2020, Plaintiff, a restaurant in downtown Los Angeles, filed its initial complaint in Los Angeles Superior Court, naming as defendants Travelers and Mayor Eric Garcetti. Dkt. 1, Ex. A. On May 15, 2020, Travelers, which is incorporated and has its principal place of business in Connecticut, Dkt. 1, at 5, removed the case to this Court, arguing that Garcetti was fraudulently joined to defeat diversity jurisdiction, *Id.* at 6-10.

On May 22, 2020, Defendant filed a motion to dismiss Plaintiff's initial complaint. Dkt. 14. On June 12, 2020, Plaintiff filed its FAC. Dkt. 22.[1] The FAC asserts claims for breach of contract,

---

[1] The Court DENIES as moot Defendant's motion to dismiss Plaintiff's initial complaint. Dkt. 14.

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | August 28, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

bad faith, and violation of Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). *Id.* Plaintiff seeks both damages and declaratory relief. *Id.*

According to the FAC, beginning on March 15, 2020, public health restrictions adopted by Mayor Garcetti prohibited in-person dining at Plaintiff's restaurant, limiting Plaintiff to offering takeout and delivery. Dkt. 22, at 5. Plaintiff alleges that these restrictions have caused a "complete and total shutdown" of its business. *Id.*

Plaintiff seeks compensation for lost business and other costs of the disruption under the Business Income and Extra Expense Coverage provision of its insurance policy with Defendant ("the Policy"). *Id.* at 3. Defendant attached a copy of the Policy to its motion to dismiss. Dkt. 27-2, Ex. 1.

The Policy covers losses and expenses "caused by action of civil authority that prohibits access to the described premises." *Id.* at 121. "The civil authority action must be due to direct physical loss of or damage to property…." *Id.*

The Policy also contains an endorsement entitled, "EXCLUSION OF LOSS DUE TO VIRUS OR BACTERIA." *Id.* at 247. This exclusion applies to "action of civil authority." *Id.* It reads as follows: "We will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." *Id.*

Plaintiff alleges that it is entitled to recover under the Policy because public health restrictions prohibited access to its restaurant. *Id.* at 5. The restrictions caused "physical damage" by "labeling of the insured property as non-essential" and "prevent[ing] the ordinary intended use of the property." *Id.* Plaintiff also alleges that "[t]he only virus exclusion that relates in theory to a virus is not applicable here" and that the virus exclusion "does not include exclusion for a viral pandemic." *Id.* at 6-7.

Defendant filed its motion to dismiss Plaintiff's FAC on June 26, 2020. Dkt. 26. Plaintiff filed an opposition on August 10, 2020. Dkt. 33. Defendant filed its reply on August 17, 2020. Dkt. 36.

Plaintiff filed its motion to remand to state court on June 12, 2020. Dkt. 24. Defendant filed an opposition on June 29, 2020. Dkt. 29. Plaintiff filed its reply on August 17, 2020. Dkt. 35.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | August 28, 2020 |
|---|---|---|---|
| Title | 10E, LLC v. Travelers Indemnity Co. of Connecticut et al. | | |

### III.    Plaintiff's Motion to Remand to State Court

   **a.**   *Legal Standard*

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires both that the amount in controversy exceed $75,000, and that complete diversity of citizenship exists between the parties.

Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of "every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

Under the sham defendant doctrine, a defendant's citizenship should be disregarded for purposes of diversity jurisdiction when the defendant "cannot be liable on any theory." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted). "If there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id.* (citation omitted) (italics in original). The defendant bears a "heavy burden" to overcome the "general presumption against [finding] fraudulent joinder." *Id.* (citation omitted).

   **b.**   *Analysis*

Defendant's removal is based on an argument that Mayor Garcetti, a citizen of California, was fraudulently joined to defeat diversity jurisdiction between Plaintiff, a citizen of California, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | August 28, 2020 |
|---|---|---|---|
| Title | 10E, LLC v. Travelers Indemnity Co. of Connecticut et al. | | |

Defendant, a citizen of Connecticut. Dkt. 1, at 7-10. The Court agrees.

Plaintiff's only asserted claim against Garcetti is a standalone claim for declaratory relief. Dkt. 22, at 6-8. Plaintiff does not appear to argue that its FAC presently states a valid claim against Garcetti. Dkt. 24, at 2-3. Nor could it. Declaratory relief is not a standalone cause of action. *Mayen v. Bank of America N.A.*, 2015 WL 179541, at *5 (internal citations omitted) (N.D. Cal. 2015) ("[D]eclaratory relief is not a standalone claim."); 28 U.S.C. § 2201(a) (a federal court may only award declaratory relief "[i]n a case of actual controversy within its jurisdiction").

Plaintiff's failure to state a cause of action does not by itself establish that Garcetti was fraudulently joined. *See Grancare*, 889 F.3d at 549 ("[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."). However, it does require the Court to find that Plaintiff could possibly amend its complaint to state a cause of action against Garcetti. *See id.* ("[T]he district court must consider … whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

The Court is unable to imagine how such an amendment is possible. Plaintiff argues that, because "the denial of [Defendant's] policy would not have occurred absent Mayor Garcetti's order, the propriety of Mayor Garcetti's order is a significant issue that needs to be resolved." Dkt. 22, at 6-8. However, Plaintiff neither articulates a ground for some future challenge to the legality of Garcetti's order nor explains how such a challenge could be raised in the context of this insurance dispute. While its burden to show fraudulent joinder is "heavy," *Grancare*, 889 F.3d at 548, Defendant has carried that burden here. The Court concludes that Garcetti was fraudulently joined and discounts his citizenship for purposes of assessing diversity of parties.

The Court is unpersuaded by Plaintiff's other arguments supporting remand. Plaintiff argues that, because there are other insurance cases now pending in state court concerning recovery of pandemic-related losses under business interruption policies, the Court should remand the case to state court under a laundry list of prudential considerations and abstention doctrines. Crucially, as Defendant points out, although they may involve the same lawyers, these other pandemic-related insurance cases do not involve the same parties and issues as this litigation. Dkt. 29, at 18-19. Consequently, the Court has no concern that its exercise of jurisdiction here will interfere with any parallel state proceedings, and it concludes without detailed analysis that none of the doctrines raised by Plaintiff favor remand. *See Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 (9th Cir. 2019) (citing *Younger v.*

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-04418-SVW-AS | Date | August 28, 2020 |
| Title | 10E, LLC v. Travelers Indemnity Co. of Connecticut et al. | | |

*Harris*, 401 U.S. 37, 43 (1971)) ("*Younger* abstention is grounded in a 'longstanding public policy against federal court interference with state court proceedings.'"); *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017) ("*Colorado River* and its progeny provide a multi-pronged test for determining whether 'exceptional circumstances' exist warranting federal abstention from *concurrent federal and state proceedings*.") (italics added); *Gov. Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citation omitted) ("If there are *parallel state proceedings* involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court.") (italics added).

Because Defendant has met its burden to show that removal was proper, the Court denies Plaintiff's motion to remand the case to state court.

**IV. Defendant's Motion to Dismiss Plaintiff's First Amended Complaint**

   **a. *Legal Standard***

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

:
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | August 28, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

### b.  *Analysis*

Defendant argues that the FAC should be dismissed for three reasons: 1) the Policy's virus exclusion clause precludes recovery, 2) Plaintiff fails to allege that public health restrictions prohibited access as required for civil authority coverage, and 3) Plaintiff does not plausibly allege that it suffered "direct physical loss of or damage to property" as required for civil authority coverage.  *See generally* Dkt. 27.  Without reaching the first two, the Court agrees with Defendant's third argument.

Although "[a]s a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," a court can consider extrinsic material when its "authenticity … is not contested and the plaintiff's complaint necessarily relies on them."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation and quotation marks omitted).  Plaintiff does not contest the authenticity of the insurance policy attached to Defendant's memorandum.  *See generally* Dkt. 33.  Because Plaintiff seeks to recover under the Policy, *see generally* Dkt. 22, the FAC necessarily relies on the Policy.  Therefore, the Court will consider the language contained directly in the Policy in resolving this motion.  *See Khoury Investments Inc. v. Nationwide Mutual Ins. Co.*, 2013 WL 12140449, at *2 (C.D. Cal. 2013) (citing *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011)) ("Because Plaintiffs refer to this insurance policy in their FAC and their claim for breach of contract relies on the terms of the policy …, this document would likely be appropriate for judicial notice as 'unattached evidence on which the complaint necessarily relies.'").

"When interpreting a policy provision, we must give terms their ordinary and popular usage, unless used by the parties in a technical sense or a special meaning is given to them by usage."  *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (citation and quotation marks omitted).  The property insurance Policy at issue here requires "direct physical loss of or damage to property" for recovery under the civil authority provision.  Dkt. 27-2, Ex. 1., at 121.

Under California law, losses from inability to use property do not amount to "direct physical loss of or damage to property" within the ordinary and popular meaning of that phrase.  Physical loss or damage occurs only when property undergoes a "distinct, demonstrable, physical alteration."  *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010) (citation and quotation marks omitted).  "Detrimental economic impact" does not suffice.  *Id.* (citation and quotation marks omitted); *see also Doyle v. Fireman's Fund Ins. Co.*, 21 Cal. App. 5th 33, 39 (2018) ("[D]iminution in value is not a covered peril, it is a measure of loss" in property insurance).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | August 28, 2020 |
|---|---|---|---|
| Title | 10E, LLC v. Travelers Indemnity Co. of Connecticut et al. | | |

An insured cannot recover by attempting to artfully plead impairment to economically valuable use of property as physical loss or damage to property. For example, in *MRI Healthcare Ctr.*, the court held that lost use of an MRI machine after it was powered off did not qualify as a "direct physical loss." 187 Cal. App. 4th at 789. Likewise, in *Ward General Ins. Servs., Inc. v. Employers Fire Ins. Co.*, 114 Cal. App. 4th 548 (2003), the court held that a loss of valuable electronic data did not qualify as "direct physical loss or damage" without any physical alteration to the storage media. 114 Cal. App. 4th at 555-56. Finally, in *Doyle*, 21 Cal. App. 5th 33 (2018), the court held that purchasing counterfeit wine did not count as a loss to the wine covered by a property insurance policy without a physical alteration to the insured property. 21 Cal. App. 5th at 38-39.

Plaintiff's FAC attempts to make precisely this substitution of impaired use or value for physical loss or damage. Plaintiff only plausibly alleges that in-person dining restrictions interfered with the use or value of its property – not that the restrictions caused direct physical loss or damage.

Plaintiff characterizes in-person dining restrictions as "labeling of the insured property as non-essential." Dkt. 22, at 5. That "labeling" surely carries significant social, economic, and legal consequences. But it does not physically alter any of Plaintiff's property.

Plaintiff's FAC appears to suggest that Plaintiff's business hardships resulted from the physical action of the novel coronavirus itself, which "infects and stays on surfaces of objects or materials … for up to twenty-eight days." *Id.* at 4. However, Plaintiff does not allege that the virus "infect[ed]" or "stay[ed] on surfaces of" its insured property. Whatever physical alteration the virus may cause to property in general, nothing in the FAC plausibly supports an inference that the virus physically altered Plaintiff's property, however much the public health response to the virus may have affected business conditions for Plaintiff's restaurant. Even if Plaintiff could somehow recover for physical loss or damage to other property, such loss or damage could hardly qualify as "direct." *See MRI Healthcare Ctr.*, 187 Cal. App. 4th at 779 (internal citation and quotation marks omitted) ("[D]irect means [w]ithout intervening persons, conditions, or agencies; immediate.").

Plaintiff attempts to circumvent the plain language of the Policy by emphasizing its disjunctive phrasing – "direct physical loss of *or* damage to property," Dkt. 27-2, Ex. 1, at 121 – and insisting that "loss," unlike "damage," encompasses impaired use. To support this argument, Plaintiff relies on *Total Intermodal Servs. Inc. v. Travelers Prop. Cas. Co. of Am.*, 2018 WL 3829767 (C.D. Cal. 2018). In

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | August 28, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

*Total Intermodal*, the court concluded that giving separate effect to "loss" and "damage" in the phrase, "direct physical loss or damage," required recognizing coverage for "the permanent dispossession of something." *Id.* at *4.

Even if the Policy covers "permanent dispossession" in addition to physical alteration, that does not benefit Plaintiff here. Plaintiff's FAC does not allege that it was permanently dispossessed of any insured property. *See generally* Dkt. 22. As far as the FAC reveals, while public health restrictions kept the restaurant's "large groups" and "happy-hour goers" at home instead of in the dining room or at the bar, Plaintiff remained in possession of its dining room, bar, flatware, and all of the accoutrements of its "elegantly sophisticated surrounding." *Id.* at 3.

The Court therefore concludes that Plaintiff has not alleged facts plausibly supporting an inference that it is entitled to coverage under the Policy.

Because it is not entitled to coverage under the Policy, Plaintiff cannot state a claim for breach of contract, *see 1231 Euclid Homeowners Ass'n v. State Farm Fire & Cas. Co.*, 135 Cal. App. 4th 1008, 1020-21 (2006) ("The failure of [a policy's] conditions precedent is a complete defense to [an insured's] breach of contract claim."), or bad faith, *see Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990) ("Where benefits are withheld for proper cause, there is no breach of the implied covenant.").

Likewise, Plaintiff's UCL claim is based on an allegation that the Policy represents that Plaintiff would be covered under these circumstances. Dkt. 22, at 10-11. The Court has concluded that Plaintiff was not entitled to recover under the Policy on the facts alleged in the FAC. That determination is based on an interpretation of the "ordinary and popular sense" of the Policy language. *Palmer*, 21 Cal. 4th at 1115. If the ordinary and popular sense of the Policy language does not support recovery on these facts, Plaintiff cannot plausibly allege that the Policy constitutes fraudulent, unfair, or unlawful conduct giving rise to UCL liability. *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (citing *Cel-Tech Comms., Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 182 (1999)) ("[T]he breadth of [the UCL] does not give a plaintiff license to 'plead around' the absolute bars to relief contained in other possible causes of action by recasting those causes of action as one for unfair competition."). Therefore, the Court also dismisses Plaintiff's UCL claim.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | August 28, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

### V.     Conclusion

For the reasons articulated above, the Court DENIES Plaintiff's motion to remand the case to state court and GRANTS Defendant's motion to dismiss the FAC.   The Court will allow Plaintiff leave to amend its complaint within 14 days of the issuance of this Order.

:

Initials of Preparer

PMC