JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | November 13, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND [41]

## I. Introduction

Before the Court is Defendant Travelers Property Casualty Company of America's motion to dismiss Plaintiff's Second Amended Complaint ("SAC"). For the reasons articulated below, the Court GRANTS the motion to dismiss without leave to amend.

## II. Factual and Procedural Background

On September 2, 2020, the Court filed its amended Order granting Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). Dkt. 39. The Court's Order recounted the facts giving rise to this lawsuit and its procedural history, which need not be repeated here. *Id.*

The Court's rationale for dismissing the FAC was that Plaintiff failed to plausibly allege facts constituting physical loss or damage from COVID-19 as required under its insurance policy ("the Policy") with Defendant. *Id.* at 7-9. This failure barred recovery under both Policy provisions for which Plaintiff sought coverage. The Policy's Business Income and Extra Expense Coverage requires "*direct physical loss of or damage* to property at the described premises … caused by or result[ing] from a Covered Cause of Loss." Declaration of Kenneth Kupec, Dkt. 42-1, at 108-09 (emphasis added). The Policy's Civil Authority Coverage requires losses "caused by action of civil authority that prohibits access to the described premises." *Id.* at 121. "The civil authority action must be due to *direct physical loss of or damage* to property at locations, other than described premises, that are within 100

:

Initials of Preparer          TJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | November 13, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

miles of the described premises, caused by or resulting from a Covered Cause of Loss." *Id.* (emphasis added).

The Court did not determine the applicability of the Policy's virus exclusion. Dkt. 39 at 9. The virus exclusion states that "[w]e will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." Kupec Decl., at 247. However, the Court "note[d] its skepticism that Plaintiff can evade application of the Policy's virus exclusion … [because] Plaintiff's theory of liability appears to inevitably rest on a potentially implausible allegation that in-person dining restrictions are not attributable to 'any virus.'" Dkt. 39 at 9.

Plaintiff filed its SAC on September 16, 2020. Dkt. 40. Defendant filed the instant motion to dismiss on September 30, 2020. Dkt. 42 ("Mot."). Plaintiff filed its opposition on October 19, 2020. Dkt. 44 ("Oppo."). Defendant filed its reply on October 26, 2020. Dkt. 46 ("Reply").

**III.   Discussion**

    **a. Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

|  | : |
|---|---|
| Initials of Preparer | TJ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-04418-SVW-AS | Date | November 13, 2020 |
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

   b.  **Application**

      i.  **Direct Physical Loss or Damage**

Plaintiff's SAC fails to respond to the pleading deficiencies identified by the Court in its prior Order.   Plaintiff's opposition does not point to any allegations of direct physical loss of or damage to property at its own premises.   Oppo., at 9-17.   The SAC rests on the same allegations and legal theory rejected in the Court's prior Order.   *See generally id.*; *compare* SAC ¶¶ 23-24 *with* FAC ¶¶ 20-21.   Like the FAC, the SAC thus does not state a claim based on entitlement to Business Income and Extra Expense coverage.   Dkt. 39, at 7-8.

Likewise, Plaintiff did not amend its complaint to properly allege that direct physical loss or damage to any property prompted in-person dining restrictions.   The SAC rests on the same conclusory allegations but fails to plead facts indicating direct physical loss or damage to property within 100 miles of the restaurant or connect any such facts to in-person dining restrictions.   *Compare* SAC ¶¶ 22, 24 *with* FAC ¶¶ 17-18.   Like the FAC, the SAC also does not state a claim based on entitlement to Civil Authority coverage.   Dkt. 39, at 9.

Therefore, for the reasons explained in the Court's prior Order, the Court grants Defendant's motion to dismiss.

      ii.  **Virus Exclusion**

While the Court only expressed skepticism that Plaintiff could evade the virus exclusion in its prior Order, the Court now concludes that the virus exclusion provides an independent basis for granting the motion to dismiss as to Business Income, Extra Expense, and Civil Authority coverage.   These coverages only extend to loss or damage caused by or resulting from a covered cause of loss.   Kupec Decl., at 108-09; *id.* at 121.   The Policy's virus exclusion states that "[w]e will not pay for loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease."   *Id.* at 247.   This exclusion applies to "forms or endorsements that cover business income, extra expense … or action of civil authority."   *Id.*

"The interpretation of an exclusionary clause is an issue of law subject to this court's independent determination."   *Marquez Knolls Prop. Owners Ass'n, Inc. v. Exec. Risk Indem.*, 153 Cal.

|  |  : |  |
|---|---|---|
|  | Initials of Preparer | TJ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | November 13, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

App. 4th 228, 233 (2007). Several courts have dismissed complaints on the ground that similar virus exclusion clauses foreclosed recovery for losses incurred due to the pandemic. *See*, *e.g.*, *West Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*, 2020 WL 6440037, at *5 (C.D. Cal. 2020); *Travelers Cas. Ins. Co. of Am. v. Geragos and Geragos*, 2020 WL 6156584, at *3-*4 (C.D. Cal. 2020); *Mark's Engine Co. No. 28 Rest., LLC v. Travelers Indem. Co. of Conn.*, 2020 WL 5938689, at *5 (C.D. Cal. 2020). The Court finds these cases persuasive.

Plaintiff's SAC seeks to recover under the Policy for losses incurred as a result of in-person dining restrictions during the COVID-19 pandemic. Plaintiff admits in the SAC that these restrictions were enacted in response to the pandemic. The SAC alleges that statewide restrictions as of September 16, 2020 were imposed "in counties where positive COVID-19 test results are greater than 7 per 100,000 people," SAC ¶ 16, and that City restrictions were "issued based on the dire risks of exposure with the contraction of COVID-19," *id.* ¶ 22. Likewise, the SAC concedes that at least one goal of business restrictions was to mitigate effects of the virus such as "concern for the availability of hospital beds." *Id.* ¶ 21. These admissions reveal that Plaintiff cannot even describe the relevant public health measures without falling back on the virus to which those measures seek to respond. Because in-person dining restrictions result from a virus, the virus exclusion bars coverage for their consequences. S*ee Fireman's Fund Ins. Co. v. Superior Court*, 65 Cal. App. 4th 1205, 1212-13 (1997) (citations omitted) ("[Courts] will not strain to create an ambiguity where none exists or indulge in tortured constructions to divine some theoretical ambiguity in order to find coverage where none was contemplated.").

Plaintiff again attempts to plead around the virus exclusion with assertions that business restrictions had motives or causes independent of the COVID-19 virus. The SAC references "outside factors and nefarious forces that are neither based in logic nor science," *id.* ¶¶ 17, and a "desire to exert control over California citizens in order to influence politics during a national election year," *id.* ¶ 21. Plaintiff alleges no facts to suggest these insinuations of bad faith are plausible.

Plaintiff also argues that the language of the virus exclusion indicates that it does not apply to losses caused only indirectly by business restrictions during the pandemic. Plaintiff attempts to bolster this interpretation by pointing to language in the Policy that excludes loss or damage "caused directly or indirectly" by various other causes. Oppo. at 7-8 (quoting Kupec Decl., at 128). By contrast, the virus exclusion contains no "directly or indirectly" language. *See* Kupec Decl., at 247.

This argument would stretch the virus exclusion beyond its plain meaning. *See Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (citation omitted) ("If the policy language 'is clear and

| | : | |
|---|---|---|
| | Initials of Preparer | TJ |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | November 13, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

explicit, it governs.'"). The virus exclusion forecloses coverage where loss or damage is "caused by or resulting from any virus." Kupec Decl., at 247. "The term 'resulting from' broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship." *Mosley v. Pac. Specialty Ins. Co.*, 49 Cal. App. 5th 417, 424 (2020) (citation and quotation marks omitted). "[T]he term 'resulting from' is generally equated … with origination, growth or flow from the event." *Id.* (citation and quotation marks omitted). Even if, as Plaintiff alleges, business restrictions enacted in response to COVID-19 were disproportionate to the magnitude of the public health problem, they would still have a "minimal causal connection" to or "flow from" the COVID-19 virus. Therefore, the plain meaning of the virus exclusion does foreclose coverage under the Policy.

### iii. Breach of Contract, Bad Faith, and UCL Claims

As explained in the Court's prior Order, because Plaintiff has failed to plead facts supporting entitlement to coverage under the Policy, Plaintiff cannot state a claim for breach of contract, bad faith denial of coverage, or fraudulent, unfair, or unlawful conduct under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* Dkt. 39, at 9-10.

### iv. Leave to Amend

In evaluating a request for leave to amend, we consider the following factors: "undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citation omitted). "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted).

The Court already gave Plaintiff one opportunity to amend its complaint. As explained above, Plaintiff failed to cure the deficiencies in its pleading of "direct physical loss or damage." Moreover, Plaintiff's suggestion that in-person dining restrictions during the pandemic did not result from the COVID-19 virus is implausible and contradicted in the SAC itself. In line with other courts that denied leave to amend complaints asserting similar theories, the Court concludes that to allow Plaintiff to initiate a third round of briefing on the same flawed legal theories would be futile and prejudicial to Defendant. *See*, *e.g.*, *West Coast Hotel Mgmt., LLC*, 2020 WL 6440037, at *6; *Geragos and Geragos*,

:

Initials of Preparer                                    TJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-04418-SVW-AS | Date | November 13, 2020 |
|---|---|---|---|
| Title | *10E, LLC v. Travelers Indemnity Co. of Connecticut et al.* | | |

2020 WL 6156584, at *5; *Mark's Engine Co. No. 28 Rest., LLC*, 2020 WL 5938689, at *6. Accordingly, the Court grants the motion to dismiss without leave to amend.

**IV.    Conclusion**

      For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss without leave to amend.

      :

Initials of Preparer      TJ